any potential prejudice caused by statements of the prosecutor on summation that may have shifted the burden of proof or constituted a misstatement of law (*see People v Robinson,* 111 AD3d 1358, 1359 [2013], *lv denied* 22 NY3d 1141 [2014]; *see also People v Copeland,* 30 AD3d 1022, 1023-1024 [2006], *lv denied* 7 NY3d 847 [2006]). Present—Centra, J.P., Fahey, Sconiers, Whalen and DeJoseph, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON LAWSON, Appellant. (Appeal No. 1.) [997 NYS2d 647]—Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered October 5, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Same memorandum as in *People v Lawson* ([appeal No. 7] 124 AD3d 1249 [2015]). Present—Centra, J.P., Fahey, Sconiers, Whalen and DeJoseph, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON LAWSON, Appellant. (Appeal No. 2.) [997 NYS2d 647]—Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered October 5, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Same memorandum as in *People v Lawson* ([appeal No. 7] 124 AD3d 1249 [2015]). Present—Centra, J.P., Fahey, Sconiers, Whalen and DeJoseph, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON LAWSON, Appellant. (Appeal No. 3.) [997 NYS2d 648]—Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered October 5, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal mischief in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Same memorandum as in *People v Lawson* ([appeal No. 7] 124 AD3d 1249 [2015]). Present—Centra, J.P., Fahey, Sconiers, Whalen and DeJoseph, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON LAWSON, Appellant. (Appeal No. 4.) [997 NYS2d 648]—Ap-

peal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered October 5, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal mischief in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Same memorandum as in *People v Lawson* ([appeal No. 7] 124 AD3d 1249 [2015]). Present—Centra, J.P., Fahey, Sconiers, Whalen and DeJoseph, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON LAWSON, Appellant. (Appeal No. 5.) [997 NYS2d 649]—Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered October 5, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Same memorandum as in *People v Lawson* ([appeal No. 7] 124 AD3d 1249 [2015]). Present—Centra, J.P., Fahey, Sconiers, Whalen and DeJoseph, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON LAWSON, Appellant. (Appeal No. 6.) [997 NYS2d 649]—Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered October 5, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Same memorandum as in *People v Lawson* ([appeal No. 7] 124 AD3d 1249 [2015]). Present—Centra, J.P., Fahey, Sconiers, Whalen and DeJoseph, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON LAWSON, Appellant. (Appeal No. 7.) [999 NYS2d 640]—

Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered October 5, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the amount of restitution